## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JONATHAN SHELTON

                              Plaintiff

            vs.                                    CIVIL ACTION – LAW

ABDIRIZAK GURE                                     JURY TRIAL DEMANDED

YAYA TRANSPORT LLC and
                                                   NO.
YOUNG STARS TRANSPORT INC.

                              Defendants

AND NOW COMES the Plaintiff, Jonathan Shelton, by and through his legal counsel, Fellerman & Ciarimboli Law, P.C., to hereby complain against the Defendants, Abdirizak Gure, Yaya Transport LLC., and Young Stars Transport Inc. (collectively "Defendants"), as follows:

### **PARTIES**

1.     The Plaintiff, Jonathan Shelton (hereinafter the "Plaintiff") is an adult individual who resides at 170 Owen St., Swoyersville, Luzerne County, Pennsylvania 18704.

2.     The Defendant, YAYA Transport LLC ("YAYA") (USDOT #2627559 / MC# 914001) is a Minnesota limited liability company with a registered office located at 32252 Maine Prairie Rd. #315, St. Cloud, MN 56031.

3.     The Defendant, Young Stars Transport Inc. ("Young Stars"), Inc. is a Minnesota corporation with a registered office located at 32252 Maine Prairie Rd. #315, St. Cloud, MN 56031.

4.     The Defendant, Abdirizak Gure ("Gure") is upon information and belief, a competent adult individual who resides at 2623 Main Prairie Rd, Apt. 307, St. Cloud, MN 56301.

5.     The transportation of goods in interstate commerce constitutes an ultra-hazardous activity that presents substantial dangers to the driving public when not done safely, properly and with due caution. Accordingly, there are a number of federal regulations, state statutes, industry standards and local ordinances that govern the qualification, training and retention of professional tractor trailer drivers, the proper maintenance and equipment for commercial motor vehicles, and the safe operation of motor carriers, commercial motor vehicles and professional truck drivers.

6.     At all times relevant hereto, Defendants YAYA and/or Young Stars were authorized interstate motor carriers authorized to transport goods in interstate commerce and in the Commonwealth of Pennsylvania pursuant to one or more

permits issued by the Interstate Commerce Commission, or by the United States Department of Transportation ("USDOT"), or both. Accordingly, Defendants YAYA and/or Young Stars were subject to all state and federal laws, statutes regulations and industry standards governing the hiring of safe and qualified commercial drivers, the safe maintenance and operation of commercial motor vehicles, and the safe brokering of goods in interstate commerce, including with out limitation the Pennsylvania Motor Vehicle Code and the Federal Motor Carrier Safety Regulations ("FMCSR") subchapters A and B of Chapter III of the Code of Federal Regulations, Title 49 – Transportation.

7.       Each company, in order to obtain a DOT number had to submit an OP-1 form containing a "Safety Certification", certifying to the Federal Motor Carrier Safety Administration ("FMCSA") that YAYA and/or Young Stars have access to and are familiar with all applicable USDOT regulations relating to the safe operation of commercial motor vehicles and that Defendants will comply with the FMCSRs at all times while operating a commercial motor vehicle in the United States.

8.       More specifically, each Form OP-1 submitted contained a "Safety Certification", certifying to the Federal Motor Carries Safety Administration that, at a minimum, Defendants:

    a. had and will have in place a system and an individual responsible for ensuring overall compliance with the FMCSRs;

    b. can produce a copy of the FMCSRs;

    c. had and will have in place a driver safety training/orientation program;

    d. had and will have prepared and maintain an accident register;

    e. is familiar with D.O.T. regulations governing driver qualifications and had and will have in place a system for overseeing driver qualifications requirements;

    f. had and will have in place policies and procedures consistent with D.O.T. regulations governing driving and operational safety of motor vehicles, including drivers' hours of service and vehicle inspection, repair and maintenance;

    g. is familiar with, and had and will have a system for complying with all USDOT regulations governing alcohol and controlled substances testing requirements; and

    h. must comply with all pertinent Federal, State, local and tribunal statutory and regulatory requirements when operating within the United States.

9.     Representatives of Defendants YAYA and/or Young Stars swore under the penalty of perjury to comply with the above "Safety Certifications."

10.     At all times relevant hereto, Defendant Gure was a Class A licensed motor vehicle operator driving a Tractor Trailer (herein collectively referred to as "Tractor Trailer"). Accordingly, Defendant Gure was subject to all state and federal laws, statutes, regulations and industry standards governing the safe maintenance and operation of commercial motor vehicles and tandem trailers

including, without limitation, The Pennsylvania Motor Vehicle Code and the
FMCSRs set forth in 49 C.F.R. parts 350-398.

11.    At all times relevant hereto, and upon information and belief, the
Freightliner was owned by Defendant YAYA and the semi-trailer was owned by
Defendant Young Stars and was being operated by Defendant Gure with
Defendants YAYA and/or Young Stars consent for the benefit of Defendants
YAYA and/or Young Stars.

12.    At all times relevant hereto, Defendant Gure was employed and/or
contracted to perform services for Defendants YAYA and/or Young Stars under
Defendants YAYA and/or Young Stars' operating authority and was subject to
Defendants YAYA and/or Young Stars' control or right to control, such that
Defendants YAYA and/or Young Stars should be considered his actual and
statutory employer and therefore vicariously liable for Defendant Gure's
negligence.

13.    At all times relevant hereto, Defendant Gure was employed and/or
contracted to perform services for and was operating a commercial motor vehicle
for Defendants YAYA and/or Young Stars in its affairs and was subject to
Defendants control or right of control such that Defendants YAYA and/or Young
Stars should be considered his employer and therefore vicariously liable or
Defendant Gure's negligence.

14.     At all relevant times hereto, YAYA and/or Young Stars acted as a single entity.

15.     At all relevant times hereto, YAYA and/or Young Stars operated and conducted business as a single entity.

16.     Accordingly, Defendants YAYA and/or Young Stars are personally liable, jointly and severely, in partnership, joint venture or sole proprietorship for the crash and resulting permanent injuries and damages suffered by Plaintiff, claimed herein.

17.     Each Defendant acted in a manner that either alone or combined and occurring with the actions of other Defendants' acts of negligence, directly and proximately caused the incident and the resulting injuries suffered to the Plaintiffs.

18.     At all relevant time hereto, Defendant Gure was the agent, servant, workman, and/or employee of YAYA and/or Young Stars.

19.     At all relevant times hereto, G YAYA and/or Young Stars was liable for the actions and/or inactions of Defendant Gure.

20.     At all relevant times, YAYA and/or Young Stars were liable for the actions and/or inactions of Defendant Gure as though the actions and/or inactions were performed by the entity itself.

21.     At all relevant times, the Federal Motor Carrier Safety Regulations apply hereto, pursuant to 67 Pa. Code §23, et. seq.

## JURISDICTION AND VENUE

22.     This Honorable Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 because (a) there is complete diversity of citizenship between Plaintiff and Defendants; and (b) the matter in controversy exceeds the jurisdictional limit.

23.     This Honorable Court is the appropriate venue under 28 U.S.C. §139(b)(2).

## FACTUAL BACKGROUND

24.     The preceding paragraphs are incorporated herein by reference as though fully set forth.

25.     On or about May 18, 2017, at approximately 3:50 a.m., Defendant Gure was operating a 2007 Century Class Freightliner hauling a Semi-Trailer ("Tractor Trailer") bearing the license plate MN PAR3558.

26.     On the aforementioned date, place, and time, the Freightliner was owned by Defendant YAYA.

27.     On the aforementioned date, place, and time, the Semi-Trailer was owned by Defendant Young Stars.

28.     On the aforementioned date, place, and time, Plaintiff, was operating a Tractor Trailer bearing the license plate IN 2286123.

29.     Defendant Gure was not alone in the Tractor Trailer, but was instead accompanied by an individual, in violation of 49 C.F.R. §392.60.

30.     On the aforementioned date, place, and time, Defendant Gure's Tractor Trailer was parked on the right berm of roadway on Interstate 80 East at approximately mile marker 145 ("I-80E") in Snow Shoe Township, Centre County, Pennsylvania.

31.     Upon information and belief, the area Defendant Gure was parked in was a designated "no parking" area.

32.     On the aforementioned date, place, and time, Defendant Gure then attempted to enter the right hand lane on I-80E.

33.     Defendant Gure was traveling at approximately 45 mph in a 70 mph zone and did not have any lights illuminating from the trailer.

34.     At the same date, place, and time, Plaintiff was also traveling in the right hand lane of I-80E immediately behind Defendants.

35.     While traveling in the right lane of I-80E, Plaintiff observed Defendants' Tractor Trailer traveling at a low speed and without any lights on.

36.     Upon observing Defendants Tractor Trailer, Plaintiff attempted to swerve into the left lane.

37.     As Plaintiff swerved, his vehicle struck the rear of Defendants Tractor Trailer ("Crash"), which caused Plaintiff's vehicle to go airborne.

38.     As a result of the significant force, the Plaintiff suffered serious and permanent injuries.

39.     As a direct and proximate result of the negligence, carelessness and/or recklessness of the Defendants, the Plaintiff sustained the following injuries:

      a.     Multiple abrasions of the upper extremities;

      b.     Pain/tenderness of the lower extremities;

      c.     Soft tissue swelling/bruising of the lower extremities;

      d.     Burning sensation in the left groin area;

      e.     Symptomatic left inguinal hernia, resulting in surgical intervention;

      f.     Tenderness to palpation of the C5-C6 and C6-C7 interspaces

      g.     Tenderness to palpation of both cervical paraspinals;

      h.     Reproducible trigger points in the mid aspect of the upper trapezius;

      i.     Cervical sprain/strain with discogenic disease;

      j.     Lumbosacral sprain/strain with discogenic disease and associated radiculopathy;

      k.     Thoracic sprain/strain;

      l.     Sprain/strain of the right arm;

      m.     Post-concussion syndrome;

      n.     Sprain/strain of the right rotator cuff;

      o.     Cervicobrachial syndrome;

    p.      Acute posttraumatic headaches;

    q.      Spinal canal stenosis at C6-C7;

    r.      Aggravation of degenerative disc changes with varying degrees of spinal canal and neural foraminal stenosis;

    s.      Retrolisthesis of L5 on S1;

    t.      Multilevel dorsal bulging/protrusions, greater at L4-L5; and

    u.      Any and all injuries arising from or a consequence of the foregoing.

40.    As a result of the aforesaid injuries, the Plaintiff sustained physical pain and suffering, all of which have required or will require medical care and treatment.

41.    The Plaintiff continues to require treatment for the aforesaid injuries.

42.    All of the treatment for the Plaintiff's injuries has been deemed reasonable and necessary.

43.    As a result of the aforesaid injuries, the Plaintiff sustained a loss of the everyday pleasures and enjoyments of life, and may continue to suffer the same for an indefinite period of time into the future.

44.    As a result of the aforesaid injuries, the Plaintiff suffered embarrassment and humiliation, and may continue to suffer the same for an indefinite period of time into the future.

45.     As a result of the aforesaid injuries, the Plaintiff has been obligated to expend various sums of money and incur various expenses for medical treatment and may be obligated to do so into the future.

46.     As a result of the aforesaid injuries, the Plaintiff sustained an impairment of his earning capacity / potential.

47.     At all relevant times hereto, the Plaintiff acted in a safe, prudent and reasonable manner and in no way contributed to his injuries or damages.

48.     At all relevant times hereto, the Defendants were vicariously responsible for the acts and omissions of its employee driver.

## COUNT I
## NEGLIGENCE/ RECKLESSNESS
## JONATHAN SHELTON v. ABDIRIZAK GURE

49.     The preceding paragraphs are incorporated herein by reference as if fully set forth herein at length.

50.     The negligence, carelessness and/or recklessness of Defendant Gure consisted of, but is not limited to, the following:

    a.  Failing to maintain proper and adequate control of the Tractor Trailer so as to avoid crashing into Plaintiff;

    b.  Driving carelessly in violation of 75 Pa. C.S.A. §3714;

    c.  Failing to pay proper attention while operating his Tractor Trailer on I-80E;

d. Failing to take proper precautions in the operation of his Tractor Trailer so as to avoid the collision that occurred with the vehicle being operated by Plaintiff;

e. Operating his Tractor Trailer in a negligent, careless and reckless manner without due regard for the rights and safety of Plaintiff;

f. Failing to exercise due care and caution under all of the existing circumstances;

g. Failing to remain alert;

h. Traveling at an unreasonable rate of speed under the circumstances;

i. Violating the applicable rules, regulations and laws pertaining to the safe and proper operation of motor vehicles and/or trucks;

j. Failing to operate his Tractor Trailer in accordance with the Federal Motor Carrier Safety Regulations;

k. Failing to properly control his Tractor Trailer in light of the circumstances then and there existing;

l. Failing to make necessary and reasonable observations while operating his tractor Trailer;

m. Failing to take evasive action and/or failing to take appropriate and timely evasive action in order to avoid Plaintiff's vehicle;

n. Failing to pay proper attention before entering I-80;

o. Failing to yield to oncoming traffic on I-80

p. Violating FMCSA Regulation 383 dealing with required knowledge and skills;

q. Consciously choosing not to yield to oncoming traffic on I-80;

r. Consciously choosing to the rules of the road and the Federal motor Carrier Safety Regulations;

s.  Failing to perform proper pre-trip inspection;

t.  Violating both the written and unwritten policies, rules, guidelines and regulations of Yaya and/or Young Stars;

u.  Failing to apprise himself of and/or abide by the Federal Motor Carrier Safety Regulations;

v.  Failing to apprise himself of and/or abide by the regulations and laws pertaining to the operation of commercial vehicles;

w.  Violating FMCSA Regulation 395 dealing with hours of service;

x.  Failing to adhere to the amount of driving hours limit;

y.  Striking Plaintiff's vehicle due to being on the road for more than the regulated amount of hours;

z.  Consciously choosing to drive over the regulated amount of hours;

aa.  Acting with a conscious disregard for the rights and safety of Plaintiff;

bb.  Failing to act upon and remedy violations of FMCSA regulation 383;

cc.  Violating FMCSA Regulation 392.60 dealing with unauthorized persons not to be transported;

dd.  Consciously choosing to transport individuals not permitted in the vehicle;

ee.  Failing to pass a post crash drug and alcohol test;

ff.  Failing to ensure his Tractor Trailer had proper illumination to warn drivers of its presence; and

gg.  Failing to utilize proper lamps, reflective devices, or other required conspicuity material in violation of the FMCSR.

51.     Solely as a result of the Defendant's negligence, carelessness and/or recklessness, the Plaintiff suffered the above mentioned harm.

**WHEREFORE**, Plaintiff, Jonathan Shelton, seeks all damages allowed under the laws of the Commonwealth of Pennsylvania and United States District Court for the Middle District of Pennsylvania, including punitive damages, in an amount in excess of $75,000.

### COUNT II
### NEGLIGENCE/ RECKLESSNESS
### JONATHAN SHELTON v. YAYA TRANSPORT LLC as being vicariously liable for ABDIRIZAK GURE

52.     The preceding paragraphs are incorporated herein by reference as if fully set forth herein at length.

53.     The negligence, carelessness and/or recklessness of Defendant YAYA Transport, as being vicariously liable for Defendant Gure, consisted of, but is not limited to, the following:

　　　a. Failing to maintain proper and adequate control of the Tractor Trailer so as to avoid crashing into Plaintiff;

　　　b. Driving carelessly in violation of 75 Pa. C.S.A. §3714;

　　　c. Failing to pay proper attention while operating his Tractor Trailer on I-80E;

d. Failing to take proper precautions in the operation of his Tractor Trailer so as to avoid the collision that occurred with the vehicle being operated by Plaintiff;

e. Operating his Tractor Trailer in a negligent, careless and reckless manner without due regard for the rights and safety of Plaintiff;

f. Failing to exercise due care and caution under all of the existing circumstances;

g. Failing to remain alert;

h. Traveling at an unreasonable rate of speed under the circumstances;

i. Violating the applicable rules, regulations and laws pertaining to the safe and proper operation of motor vehicles and/or trucks;

j. Failing to operate his Tractor Trailer in accordance with the Federal Motor Carrier Safety Regulations;

k. Failing to properly control his Tractor Trailer in light of the circumstances then and there existing;

l. Failing to make necessary and reasonable observations while operating his tractor Trailer;

m. Failing to take evasive action and/or failing to take appropriate and timely evasive action in order to avoid Plaintiff's vehicle;

n. Failing to pay proper attention before entering I-80;

o. Failing to yield to oncoming traffic on I-80

p. Violating FMCSA Regulation 383 dealing with required knowledge and skills;

q. Consciously choosing not to yield to oncoming traffic on I-80;

r. Consciously choosing to the rules of the road and the Federal motor Carrier Safety Regulations;

s.  Failing to perform proper pre-trip inspection;

t.  Violating both the written and unwritten policies, rules, guidelines and regulations of Yaya and/or Young Stars;

u.  Failing to apprise himself of and/or abide by the Federal Motor Carrier Safety Regulations;

v.  Failing to apprise himself of and/or abide by the regulations and laws pertaining to the operation of commercial vehicles;

w.  Violating FMCSA Regulation 395 dealing with hours of service;

x.  Failing to adhere to the amount of driving hours limit;

y.  Striking Plaintiff's vehicle due to being on the road for more than the regulated amount of hours;

z.  Consciously choosing to drive over the regulated amount of hours;

aa.  Acting with a conscious disregard for the rights and safety of Plaintiff;

bb.  Failing to act upon and remedy violations of FMCSA regulation 383;

cc.  Violating FMCSA Regulation 392.60 dealing with unauthorized persons not to be transported;

dd.  Consciously choosing to transport individuals not permitted in the vehicle;

ee.  Failing to pass a post crash drug and alcohol test;

ff.  Failing to ensure his Tractor Trailer had proper illumination to warn drivers of its presence; and

gg.  Failing to utilize proper lamps, reflective devices, or other required conspicuity material in violation of the FMCSR.

54.     Solely as a result of the Defendant's negligence, carelessness and/or recklessness, the Plaintiff suffered the above mentioned harm.

**WHEREFORE**, Plaintiff, Jonathan Shelton, seeks all damages allowed under the laws of the Commonwealth of Pennsylvania and United States District Court for the Middle District of Pennsylvania, including punitive damages, in an amount in excess of $75,000.

## COUNT III
## NEGLIGENT and/or RECKLESS HIRING / SUPERVISION / RETENTION
## JONATHAN SHELTON v. YAYA TRANSPORT LLC

55.     The preceding paragraphs are incorporated herein by reference as if fully set forth herein at length.

56.     Defendant YAYA's had an obligation/duty to hire, retain and supervise drivers who operate its vehicles in a safe manner.

57.     Plaintiff was injured as a result of an incident related to Defendant Gure's driving, more specifically, Mr. Gure's unsafe driving.

58.     The negligence, carelessness, and/or recklessness of YAYA, individually and through its various employees, servants, agents and/or workers including Defendant Gure, consisted of the following:

       a.     Failing to properly train, monitor and/or supervise its employees, drivers and/or agents including Defendant Gure;

b.    Failing to train and/or properly train Defendant Gure prior to allowing him to operate its Tractor Trailer;

c.    Hiring and/or continuing to employ Defendant Gure despite the fact that it knew or should have known that his violation of the FMCSA hours of service made him unfit to safely operate a commercial vehicle;

d.    Hiring and/or continuing to employ Defendant Gure despite the fact that he had a propensity for driving violations;

e.    Hiring and/or continuing to employ Defendant Gure despite the fact that he had a propensity for violating "Rules of the Road" and FMCSR;

f.    Failing to perform alcohol and/or drug tests after the crash;

g.    Failing to do preventable analysis as recommended by the FMCSR;

h.    Failing to have an appropriate disciplinary policy within the company;

i.    Hiring and/or continuing to employ Defendant Gure despite the fact that it knew or should have known that his propensity to break the vehicular rules could and/or would put the driving public at risk;

j.    Permitting Defendant Gure to operate its Tractor Trailer when it knew or should have known that he was not properly qualified and/or trained;

k.    Failing to train and/or properly train Defendant Gure prior to allowing him to operate its Tractor Trailer;

l.    Allowing Defendant Gure to operate trucks in its possession when it knew or should have known that such operation posed a risk of danger to others lawfully on the roadway;

m.    Failing to adopt appropriate employee manuals and/or training procedures;

n.    Failing to enforce both written and unwritten policies of YAYA;

o.   Failing to ensure that its employees, drivers, and/or agents were aware of and complied with the written and unwritten policies of YAYA;

p.   Failing to implement and/or enforce an effective safety system, as required by OP-1 agreement the Defendant executed with the DOT;

q.   Failing to ensure that its management personnel and drivers were aware of the requirements and dictates of the FMCSA regulations;

r.   Failing to ensure that is employees, drivers, and/or agents complied with the provisions of the FMCSA regulations;

s.   Failing to ensure that its employees, drivers, and/or agents were aware of and complied with rules, laws and regulations pertaining to and governing the operation of commercial vehicles;

t.   Violating the applicable rules, laws, and regulations pertaining to and governing the operation of commercial vehicles;

u.   Failing to monitor and/or regulate its drivers' actions

v.   Failing to do annual reviews as required by the FMCSR;

w.   Failing to monitor and/or regulate its drivers' hours;

x.   Failed to have an auditing system in place to audit its drivers' logs, or if they did have a system in place, they failed to use it appropriately;

y.   Failed to use a 3rd party vendor to audit their drivers' logs, or if they did use a 3rd party vendor, they failed to use it appropriately;

z.   Failing to have policy or mechanism in place to address cumulative fatigue in its drivers;

aa.  Placing more emphasis on profits than on safety of its drivers and the motor public;

bb.  Failing to maintain an accident register in accordance with the FMCSR;

cc.     Knowingly violating federal and state law regarding the responsibilities of motor carries and the operation of commercial vehicles;

dd.     Failing to act upon and remedy violations of FMCSA regulation 395;

ee.     Failing to act upon and remedy violations of FMCS regulation 383;

ff.     Failing to act upon and remedy known violations of industry standards;

gg.     Acting in conscious disregard for the rights and safety of the Plaintiff;

hh.     Failing to have appropriate policies and procedures with regard to the hiring of its drivers;

ii.     Failing to follow the written and/or unwritten policies and procedures with regard to the hiring of its drivers;

jj.     Failing to have appropriate policies and procedures with regard to the monitoring of its drivers;

kk.     Failing to follow the written and/or unwritten policies and procedures with regard to the monitoring of its drivers;

ll.     Consciously disregarding federal and state law regarding the responsibilities of motor carries and the operation of commercial vehicles; and

mm.     Consciously choosing to ensure its Tractor Trailer had proper illumination to warn drivers of its presence.

59.     As a result of the above-stated acts and omissions, Plaintiff has

suffered such harm as has been previously stated herein.

**WHEREFORE**, Plaintiff, Jonathan Shelton, seeks all damages allowed

under the laws of the Commonwealth of Pennsylvania and United States District

Court for the Middle District of Pennsylvania, including punitive damages, in an

amount in excess of $75,000.

## COUNT IV
## NEGLIGENCE/ RECKLESSNESS
## JONATHAN SHELTON v. YOUNG STARS TRANSPORT INC.as being vicariously liable for ABDIRIZAK GURE

60.     The preceding paragraphs are incorporated herein by reference as if

fully set forth herein at length.

61.     The negligence, carelessness and/or recklessness of Defendant Young

Stars, as being vicariously liable for Defendant Gure, consisted of, but is not

limited to, the following:

a.  Failing to maintain proper and adequate control of the Tractor Trailer so as to avoid crashing into Plaintiff;

b.  Driving carelessly in violation of 75 Pa. C.S.A. §3714;

c.  Failing to pay proper attention while operating his Tractor Trailer on I-80E;

d.  Failing to take proper precautions in the operation of his Tractor Trailer so as to avoid the collision that occurred with the vehicle being operated by Plaintiff;

e.  Operating his Tractor Trailer in a negligent, careless and reckless manner without due regard for the rights and safety of Plaintiff;

f.  Failing to exercise due care and caution under all of the existing circumstances;

g.  Failing to remain alert;

h.  Traveling at an unreasonable rate of speed under the circumstances;

i.  Violating the applicable rules, regulations and laws pertaining to the safe and proper operation of motor vehicles and/or trucks;

j.  Failing to operate his Tractor Trailer in accordance with the Federal Motor Carrier Safety Regulations;

k.  Failing to properly control his Tractor Trailer in light of the circumstances then and there existing;

l.  Failing to make necessary and reasonable observations while operating his tractor Trailer;

m.  Failing to take evasive action and/or failing to take appropriate and timely evasive action in order to avoid Plaintiff's vehicle;

n.  Failing to pay proper attention before entering I-80;

o.  Failing to yield to oncoming traffic on I-80

p.  Violating FMCSA Regulation 383 dealing with required knowledge and skills;

q.  Consciously choosing not to yield to oncoming traffic on I-80;

r.  Consciously choosing to the rules of the road and the Federal motor Carrier Safety Regulations;

s.  Failing to perform proper pre-trip inspection;

t.  Violating both the written and unwritten policies, rules, guidelines and regulations of Yaya and/or Young Stars;

u.  Failing to apprise himself of and/or abide by the Federal Motor Carrier Safety Regulations;

v.  Failing to apprise himself of and/or abide by the regulations and laws pertaining to the operation of commercial vehicles;

w.  Violating FMCSA Regulation 395 dealing with hours of service;

x.  Failing to adhere to the amount of driving hours limit;

y.  Striking Plaintiff's vehicle due to being on the road for more than the regulated amount of hours;

z.  Consciously choosing to drive over the regulated amount of hours;

aa.  Acting with a conscious disregard for the rights and safety of Plaintiff;

bb.  Failing to act upon and remedy violations of FMCSA regulation 383;

cc.  Violating FMCSA Regulation 392.60 dealing with unauthorized persons not to be transported;

dd.  Consciously choosing to transport individuals not permitted in the vehicle;

ee.  Failing to pass a post crash drug and alcohol test;

ff.  Failing to ensure his Tractor Trailer had proper illumination to warn drivers of its presence; and

gg.  Failing to utilize proper lamps, reflective devices, or other required conspicuity material in violation of the FMCSR.

62.    Solely as a result of the Defendant's negligence, carelessness and/or recklessness, the Plaintiff suffered the above mentioned harm.

**WHEREFORE**, Plaintiff, Jonathan Shelton, seeks all damages allowed under the laws of the Commonwealth of Pennsylvania and United States District

Court for the Middle District of Pennsylvania, including punitive damages, in an

amount in excess of $75,000.

## COUNT V
## NEGLIGENT and/or RECKLESS HIRING / SUPERVISION / RETENTION
## JONATHAN SHELTON v. YOUNG STARS TRANSPORT INC.

63.     The preceding paragraphs are incorporated herein by reference as if

fully set forth herein at length.

64.     Defendant young Star's had an obligation/duty to hire, retain and

supervise drivers who operate its vehicles in a safe manner.

65.     Plaintiff was injured as a result of an incident related to Defendant

Gure's driving, more specifically, Mr. Gure's unsafe driving.

66.     The negligence, carelessness, and/or recklessness of Young Stars,

individually and through its various employees, servants, agents and/or workers

including Defendant Gure, consisted of the following:

      a.     Failing to properly train, monitor and/or supervise its
employees, drivers and/or agents including Defendant Gure;

      b.     Failing to train and/or properly train Defendant Gure prior to
allowing him to operate its Tractor Trailer;

      c.     Hiring and/or continuing to employ Defendant Gure despite the
fact that it knew or should have known that his violation of the
FMCSA hours of service made him unfit to safely operate a
commercial vehicle;

      d.     Hiring and/or continuing to employ Defendant Gure despite the
fact that he had a propensity for driving violations;

e.   Hiring and/or continuing to employ Defendant Gure despite the fact that he had a propensity for violating "Rules of the Road" and FMCSR;

f.   Failing to perform alcohol and/or drug tests after the crash;

g.   Failing to do preventable analysis as recommended by the FMCSR;

h.   Failing to have an appropriate disciplinary policy within the company;

i.   Hiring and/or continuing to employ Defendant Gure despite the fact that it knew or should have known that his propensity to break the vehicular rules could and/or would put the driving public at risk;

j.   Permitting Defendant Gure to operate its Tractor Trailer when it knew or should have known that he was not properly qualified and/or trained;

k.   Failing to train and/or properly train Defendant Gure prior to allowing him to operate its Tractor Trailer;

l.   Allowing Defendant Gure to operate trucks in its possession when it knew or should have known that such operation posed a risk of danger to others lawfully on the roadway;

m.   Failing to adopt appropriate employee manuals and/or training procedures;

n.   Failing to enforce both written and unwritten policies of Young Stars;

o.   Failing to ensure that its employees, drivers, and/or agents were aware of and complied with the written and unwritten policies of Young Stars;

p.   Failing to implement and/or enforce an effective safety system, as required by OP-1 agreement the Defendant executed with the DOT;

q.      Failing to ensure that its management personnel and drivers were aware of the requirements and dictates of the FMCSA regulations;

r.      Failing to ensure that is employees, drivers, and/or agents complied with the provisions of the FMCSA regulations;

s.      Failing to ensure that its employees, drivers, and/or agents were aware of and complied with rules, laws and regulations pertaining to and governing the operation of commercial vehicles;

t.      Violating the applicable rules, laws, and regulations pertaining to and governing the operation of commercial vehicles;

u.      Failing to monitor and/or regulate its drivers' actions

v.      Failing to do annual reviews as required by the FMCSR;

w.      Failing to monitor and/or regulate its drivers' hours;

x.      Failed to have an auditing system in place to audit its drivers' logs, or if they did have a system in place, they failed to use it appropriately;

y.      Failed to use a 3rd party vendor to audit their drivers' logs, or if they did use a 3rd party vendor, they failed to use it appropriately;

z.      Failing to have policy or mechanism in place to address cumulative fatigue in its drivers;

aa.     Placing more emphasis on profits than on safety of its drivers and the motor public;

bb.     Failing to maintain an accident register in accordance with the FMCSR;

cc.     Knowingly violating federal and state law regarding the responsibilities of motor carries and the operation of commercial vehicles;

dd.     Failing to act upon and remedy violations of FMCSA regulation 395;

ee. Failing to act upon and remedy violations of FMCS regulation 383;

ff. Failing to act upon and remedy known violations of industry standards;

gg. Acting in conscious disregard for the rights and safety of the Plaintiff;

hh. Failing to have appropriate policies and procedures with regard to the hiring of its drivers;

ii. Failing to follow the written and/or unwritten policies and procedures with regard to the hiring of its drivers;

jj. Failing to have appropriate policies and procedures with regard to the monitoring of its drivers;

kk. Failing to follow the written and/or unwritten policies and procedures with regard to the monitoring of its drivers;

ll. Consciously disregarding federal and state law regarding the responsibilities of motor carries and the operation of commercial vehicles; and

mm. Consciously choosing to ensure its Tractor Trailer had proper illumination to warn drivers of its presence.

67. As a result of the above-stated acts and omissions, Plaintiff has suffered such harm as has been previously stated herein.

**WHEREFORE**, Plaintiff, Jonathan Shelton, seeks all damages allowed under the laws of the Commonwealth of Pennsylvania and United States District Court for the Middle District of Pennsylvania, including punitive damages, in an amount in excess of $75,000.

## COUNT VI
## JOINT VENTURE
## <u>JONATHAN SHELTON v. YOUNG STARS TRANSPORT INC. and YAYA TRANSPORT LLC</u>

68.     The preceding paragraphs are incorporated herein by reference as if fully set forth herein at length.

69.     On the above referenced, date, place, and time, Defendants YAYA and Young Stars were engaged in a joint venture to haul goods for profit.

70.     Upon information and belief, Defendant Gure was paid by Defendants YAYA and/or Young Stars for this transportation, including allowances for fuel costs.

71.     Upon information and belief, Defendant Gure was paid by Defendants YAYA and/or Young Stars for this transportation, including allowances for fuel costs.

72.     Upon information and belief, Defendants YAYA and Young Stars are in contact through numerous means of communication, including, but not limited to, email, faxes, telephone, and mobile application to track status of shipment from origin to delivery.

73.     As a result of this transportation, Defendants YAYA and Young Stars earned, or intended to earn, a profit.

74.     On the above referenced, date, place, and time, YAYA and Young Stars; controlled the Tractor Trailer through its duly authorized agent, servant, and/or employee, Defendant Gure.

75.     On the above referenced, date, place, and time, Defendant Gure was performing a service for the benefit of YAYA and/or Young Stars namely the transportation of goods and material for profit.

76.     YAYA and/or Young Stars were aware Defendant Gure was transporting the goods and materials.

77.     YAYA and/or Young Stars had the right to control Defendant Gure in performing this service.

78.     YAYA and/or Young Stars exercised this control over Defendant Gure, inter alia, in the manner described herein.

79.     YAYA and/or Young Stars held out Defendant Gure as an agent, servant, and/or employee, such that a reasonable person would conclude that Defendant Gure was an agent, servant, and/or employee of YAYA and/or Young Stars and it is vicariously liable for the acts and/or omissions of Defendant Gure.

80.     As a direct and proximate cause of the above stated acts and omissions, Plaintiff suffered, inter alia, the serious, severe, and permanent injuries as has been previously stated herein.

**WHEREFORE**, Plaintiff, Jonathan Shelton, seeks all damages allowed under the laws of the Commonwealth of Pennsylvania and United States District Court for the Middle District of Pennsylvania, including punitive damages, in an amount in excess of $75,000.

**COUNT VII**
**NEGLIGENT ENTRUSTMENT**
**JONATHAN SHELTON v. YOUNG STARS TRANSPORT INC. and YAYA**
**TRANSPORT LLC**

81.     The preceding paragraphs are incorporated herein by reference as though fully set forth.

82.     Defendants YAYA and/or Young Stars had a duty to use due care in choosing a careful and competent driver.

83.     YAYA and/or Young Stars entrusted the Tractor Trailer to Defendant Gure despite the fact that Gure failed to possess the knowledge, skill, experience, available equipment and personal characteristics to operate a Tractor Trailer.

84.     YAYA and/or Young Stars knew or should have known that Gure failed to possess the knowledge, skill, experience, available equipment and personal characteristics to transport freight and/or goods without creating an unreasonable risk to operate a Tractor Trailer without creating an unreasonable risk of injury to others.

85.     Because YAYA and/or Young Stars entrusted the tractor Trailer to an incompetent driver, YAYA and/or Young Stars are liable for any negligent and/or reckless conduct of Defendant Gure.

86.     YAYA and/or Young Stars were negligent entrusting the Tractor Trailer to Defendant Gure, when it knew or should have known with the exercise of reasonable due care that Defendant Gure lacked the necessary skill, judgment, and/or prudence with which to operate the vehicle.

87.     YAYA and/or Young Stars were negligent and/or reckless in entrusting the Tractor Trailer to Defendant Gure, when it knew or should have known with the exercise of reasonable care that Defendant Gure had a propensity to cause motor vehicle collisions.

88.     YAYA and/or Young Stars were negligent in entrusting the Tractor Trailer to Defendant Gure, when it knew or should have known with the exercise of reasonable care that Defendant Gure had a propensity to violate the motor vehicle code.

89.     At all relevant times, YAYA and/or Young Stars had a duty to ensure that it had appropriate hiring practices that put competent drivers behind the wheel.

90.     At all relevant times, YAYA and/or Young Stars had a duty to ensure that it had appropriate policies in place to ensure that its drivers did not violate

FMCSA regulation 395 "hours of service" and/or regulation 383 "required knowledge and skill."

91.    YAYA and/or Young Stars knew or in the exercise of reasonable care should have known that entrusting the Tractor Trailer to Defendant Gure would likely cause harm to the motoring public such as the harm that was caused on May 18, 2017 to Plaintiff.

92.    YAYA and/or Young Stars had a duty to entrust the Tractor Trailer to an attentive and skilled driver.

93.    YAYA and/or Young Stars failed to ensure that it hired and retained attentive skilled drivers.

94.    YAYA and/or Young Stars had an obligation / duty to entrust the Tractor Trailer to drivers who operate their vehicles in a safe manner.

95.    Plaintiff was injured as a result of the Defendants' unsafe driving.

96.    By entrusting the Tractor Trailer to Defendant Gure, YAYA and/or Young Stars acted in conscious disregard to the rights and safety of Plaintiff.

97.    As a result of the above-stated acts and omissions, Plaintiff has suffered such harm as has been previously stated herein.

**WHEREFORE**, Plaintiff, Jonathan Shelton, seeks all damages allowed under the laws of the Commonwealth of Pennsylvania and United States District

Court for the Middle District of Pennsylvania, including punitive damages, in an

amount in excess of $75,000.

Respectfully submitted,

FELLERMAN & CIARIMBOLI LAW, P.C.

*s/ Corey S. Suda*

By: _____

COREY S. SUDA, ESQUIRE
HARRY P. McGRATH, JR. ESQUIRE
183 Market Street, Suite 200
Kingston, PA  18704

Date: May 15, 2019