# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JONATHAN SHELTON,

 Plaintiff,

v.

ABDIRIZAK GURE, YAYA TRANSPORT LLC, and YOUNG STARS TRANSPORT INC.,

 Defendants.

NO. 3:19-CV-0843

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is a Complaint filed by Plaintiff Jonathan Shelton ("Shelton"). (*See* Doc. 1). Because the Complaint fails to establish that the Court has subject matter jurisdiction over this action, it will be dismissed unless Shelton can show that diversity jurisdiction is proper.

## I. Background

Shelton commenced this action on May 15, 2019. (*See* Doc. 1). He alleges that this Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332(a)(1) because the parties are completely diverse and the amount in controversy exceeds $75,000.00. (*See id*. at ¶ 22).

Shelton avers in his Complaint that he is "an individual who resides" in Pennsylvania. (*Id*. at ¶ 1). Defendant Yaya Transport LLC ("Yaya") is alleged to be "a Minnesota limited liability company with a registered office" in Minnesota. (*Id*. at ¶ 2). Defendant Young Stars Transport Inc. ("Young Stars") is alleged to be "a Minnesota corporation with a registered office" in Minnesota. (*Id*. at ¶ 3). Finally, Defendant Abdirizak Gure ("Gure") is averred to "reside" in Minnesota. (*Id*. at ¶ 4).

## II. Legal Standard

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. *See Shaffer v. GTE N., Inc.*, 284 F.3d 500, 502 (3d Cir. 2002) (citing *Club*

*Comanche, Inc. v. Gov't of the V.I.*, 278 F.3d 250, 255 (3d Cir. 2002)). Plaintiffs' Complaint alleges that the Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states. In order for diversity jurisdiction to exist, there must be complete diversity, meaning that each defendant must be a citizen of a different state from each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Of course, "[t]he person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation." *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993). "It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs. of Ohio State Univ.*, 195 U.S. 207, 211 (1904). Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* Fed R. Civ. P. 12(h)(3).

### III. Discussion

**A.   Citizenship of Plaintiff.**

The Complaint fails to adequately allege Shelton's citizenship. For purposes of diversity jurisdiction, a natural person is deemed to be a citizen of the state in which he is domiciled. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008) (citing *Gilbert v. David*, 235 U.S. 561, 569 (1915)). To be domiciled in a state, a person must reside there and intend to remain indefinitely. *Krasnov v. Dinan*, 465 F.2d 1298, 1300-01 (3d Cir. 1972). A person may have only one domicile, and thus may be a citizen of only one state for diversity jurisdiction purposes. *See Williamson*

2

*v. Osenton*, 232 U.S. 619, 625 (1914).

To the extent the Complaint alleges that Shelton "resides" in Pennsylvania, this is not sufficient. Residence is not the same as domicile and does not establish citizenship for diversity purposes. *See Krasnov*, 465 F.2d at 1300 ("Where one lives is *prima facie* evidence of domicile, but mere residency in a state is insufficient for purposes of diversity."). To properly plead diversity, Shelton's citizenship must be averred, not merely his state of residence.

**B.      Citizenship of Defendants.**

The Complaint also fails to properly allege the citizenship of Defendants.

**1.      The Corporate Defendant**.

Shelton next fails to adequately aver Young Stars' citizenship. A corporation may have more than one state of citizenship: "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation may only have one principal place of business, and proper invocation of diversity jurisdiction requires that the plaintiff allege where a corporation has "its principal place of business." *See S. Freedman & Co., Inc. v. Raab*, 180 F. App'x 316, 320 (3d Cir. 2006) (affirming the district court's dismissal of a complaint alleging where the plaintiff corporation maintained "a principal place of business," rather than "its principal place of business"). A corporation's principal place of business is its "nerve center," that is, the place "where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181, 1192, 175 L. Ed. 2d 1029 (2010).

Here, the Complaint adequately identifies that Young Stars is a Minnesota corporation; however, Shelton fails to allege the Defendant corporation's principal place of business - stating only that Young Stars has a "registered office" in Minnesota. This is not sufficient. To adequately plead the citizenship of the corporate Defendant, Shelton must allege where Young Stars has "its principal place of

3

business."

## 2. The Limited Liability Company Defendant.

The citizenship of Yaya is also not properly alleged. The citizenship of a limited liability for purposes of diversity jurisdiction is "determined by the citizenship of each of its members." *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010); *see also VICI Racing, LLC v. T-Mobile USA, Inc.*, 763 F.3d 273, 282 (3d Cir. 2014) (a limited liability company "is a citizen of any state in which its members are citizens."); 1 Fed. Proc., L. Ed. § 1:165 (2014) (acknowledging that a "limited liability company is a citizen, for purposes of diversity jurisdiction, of each state where its members are citizens."). Where one or more of a limited liability company's members is itself another limited liability company, the citizenship of each limited liability company must be determined by "trac[ing] through however many layers of partners or members there may be." *Zambelli Fireworks*, 592 F.3d at 420; *accord Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 107 (3d Cir. 2015) (If, after reasonable inquiry, the precise citizenship of a defendant is unknown, a plaintiff may sufficiently plead diversity by "alleg[ing] that the defendant is not a citizen of the plaintiff's state of citizenship").

Here, the Complaint fails to sufficiently allege Yaya's citizenship. To properly plead diversity jurisdiction of the limited liability company Defendant, Shelton must allege the citizenship of its member(s) or, if after reasonable investigation, he has "no reason to believe" that Yaya's members share his state of citizenship, Shelton may allege that Yaya is *not* a citizen of his state of citizenship. *Lincoln Ben. Life Co.*, 800 F.3d at 107-08. Because the Complaint fails to identify Yaya's member(s) and the citizenship of the member(s) or, alternatively, that Yaya is not a citizen of Shelton's state of citizenship, the Court is unable to determine the existence of diversity jurisdiction as to the limited liability company Defendant. *Accord Lincoln Ben. Life Co.*, 800 F.3d at 106-110.

### 3. The Individual Defendant.

Finally, like his own citizenship, Shelton's allegation that individual Defendant Gure "resides" in Minnesota is not sufficient. As stated, he must allege Gure's state of citizenship, not merely his state of residence.

## IV. Conclusion

Because the Court cannot determine whether subject matter jurisdiction exists, this matter is subject to dismissal under Federal Rule of Civil Procedure 12(h)(3). However, Shelton will be given an opportunity to amend the Complaint to adequately allege the existence of diversity jurisdiction. Shelton will be granted twenty-one (21) days in which to file an amended complaint. Failure to do so will result in this action being dismissed.

An appropriate order follows.

May 17, 2019  /s/ A. Richard Caputo
Date  A. Richard Caputo
  United States District Judge