# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JONATHAN SHELTON,<br><br>    Plaintiff,<br><br>    v.<br><br>ABDIRIZAK GURE, YAYA TRANSPORT LLC, and YOUNG STARS TRANSPORT INC.,<br><br>    Defendants. | NO. 3:19-CV-0843<br><br>(JUDGE CAPUTO) |

## MEMORANDUM

Presently before me is a Motion to Dismiss (Doc. 13) filed by Defendants Abdirizak Gure ("Gure"), YAYA Transport, LLC ("YAYA"), and Young Stars Transport, Inc. ("Young Stars") (collectively, "Defendants"). For the reasons that follow, the motion to dismiss will be denied.

## I. Background

The facts as alleged in the Amended Complaint are as follows:

At approximately 3:50 a.m. on May 18, 2017, Gure was operating a Freightliner hauling a Semi-Trailer. (*See* Doc. 5, ¶ 26). The tractor was owned by YAYA and the trailer was owned by Young Stars. (*See id*. at ¶¶ 27-28). At the time, Gure was accompanied by an individual in violation of applicable Federal Regulations. (*See id*. at ¶ 30). Gure's tractor-trailer was parked on the right berm of Interstate 80 East in Snow Shoe Township, Centre County, Pennsylvania in an area designated "no parking." (*See id*. at ¶¶ 31-32).

Gure then attempted to enter the right hand lane, traveling at approximately 40 mph in a 70 mph zone. (*See id*. at ¶¶ 33-34). Gure did not have any lights illuminated on the trailer. (*See id*. at ¶ 34). At the same time, Plaintiff Jonathan Shelton ("Shelton") was operating a tractor-trailer in the right travel lane on Interstate 80 East. (*See id*. at ¶¶ 29, 35). Shelton observed Gure's tractor-trailer unilluminated and

traveling at a low speed. (*See id*. at ¶ 36). Shelton unsuccessfully attempted to swerve into the left lane to avoid Gure's tractor-trailer. (*See id*. at ¶ 37). Shelton's vehicle struck the rear of Gure's tractor-trailer, causing Shelton's vehicle to go airborne. (*See id*. at ¶¶ 38-39). Shelton suffered severe injuries as a result of the collision. (*See id*. at ¶ 40).

Based on the foregoing, Shelton filed a Complaint against Gure, YAYA, and Young Stars in this Court on May 15, 2019. (*See* Doc. 1, *generally*). Shelton subsequently filed his Amended Complaint on May 20, 2019. (*See* Doc. 5, *generally*). On August 2, 2019, Defendants moved to dismiss Shelton's allegations of recklessness and his request for punitive damages. (*See* Doc. 13, *generally*). The motion to dismiss has now been fully briefed and is ripe for disposition.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). "Under the 'notice pleading' standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014) (quoting Fed. R. Civ. P. 8(a)(2)).

When resolving a Rule 12(b)(6) motion, "a court must consider no more than whether the complaint establishes 'enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements' of the cause of action." *Trzaska v. L'Oreal USA, Inc.*, 865 F. 3d 155, 162 (3d Cir. 2017) (quoting *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016)). In reviewing the sufficiency of a complaint, a court must take three steps: (1) identify the elements of the claim; (2) identify conclusions that are not entitled to the assumption of truth; and (3) assume the veracity of the well-pleaded factual allegations and determine whether they plausibly give rise to an entitlement to relief. *See Connelly*, 809 F.3d at 787 (citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

### III. Discussion

Defendants' motion to dismiss the allegations of recklessness and the demand for punitive damages will be denied. For one, the allegations are sufficient to support a finding of recklessness. A defendant acts recklessly when "his conduct creates an unreasonable risk of physical harm to another [and] such risk is substantially greater than that which is necessary to make his conduct negligent." *Phillips v. Cricket Lighters*, 883 A.2d 439, 445 (Pa. 2005). Here, Shelton asserts that Gure operated the the tractor and attached trailer unilluminated and with a passenger in violation of state and federal law, including the Federal Motor Carrier Safety Regulations. A finding of recklessness is plausible on these facts. *See, e.g.*, *White v. Trybala*, No. 19-14, 2019 WL 2119982, at *2-3 (M.D. Pa. May 15, 2019) (denying motion to dismiss allegations of recklessness where the plaintiff pled that tractor-trailer driver failed to stop at a red light).

The Amended Complaint also sets forth enough facts to withstand the instant motion to dismiss the punitive damages demand. The Pennsylvania Supreme Court has stated that punitive damages "may be awarded for conduct that is outrageous, because of defendant's evil motive or his reckless indifference to the rights of others," and because punitive damages are penal in nature, they "are proper only in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton, or reckless conduct." *Hutchison ex rel. Hutchison v. Luddy*, 870 A.2d 766, 770 (2005). "Punitive damages may be awarded in Pennsylvania for reckless conduct, - that is, conduct less culpable than intentional or willful action," because "as the *Hutchison* court implicitly acknowledged," "[a] plaintiff can sue for negligence and prove recklessness, yet still be unable to prove intent." *Brand Mktg. Grp. LLC v. Intertek*

3

*Testing Servs., N.A., Inc.*, 801 F.3d 347, 359 (3d Cir. 2015) (citing *Hutchison*, 870 A.2d at 770-72). Therefore, "punitive damages may be awarded in negligence cases if the plaintiff proves greater culpability than ordinary negligence at trial," because there is nothing in "in law or logic to prevent the plaintiff in a case sounding in negligence from undertaking the additional burden of attempting to prove . . . that the defendant's conduct not only was negligent but that the conduct was also outrageous,' such that it warrants punitive damages." *Brand Mktg. Grp.*, 801 F.3d at 358 (citing *Hutchison*, 870 A.2d at 772-73). "Punitive damages will be imposed where the defendant knew or had reason to know of facts which create a high degree of risk of physical harm to another, and deliberately proceeded to act, or failed to act, in conscious disregard of, or indifference to, that risk." *Hutchison*, 870 A. 2d. at 771 n.7.

At this stage in the litigation, and as explained above, Plaintiffs' allegations of recklessness are sufficient. As a result, Plaintiffs' request for punitive damages will not be dismissed. *See*, *e.g.*, *White*, 2019 WL 2119982, at *3-4; *see also Holder v. Suarez*, No. 14-1789, 2016 WL 593620, at *8 (M.D. Pa. Feb. 12, 2019) (denying motion for partial summary judgment on the plaintiff's punitive damage claim where material disputes of fact existed as to whether the defendant was "operating his truck with inoperable lights" and "whether the hazard lights were operational at the time of the accident"). Moreover, allegations that a defendant violated Federal Motor Carrier Safety Regulations, "coupled with allegations of a conscious disregard for the safety and rights of others," suffice to state claims for recklessness and punitive damages. *Delamarter v. Couglar*, No. 16-665, 2016 WL 3951663, at *2 (M.D. Pa. July 21, 2016); *see Burke v. TransAm Trucking, Inc.,* 605 F. Supp. 2d 647, 655 (M.D. Pa. 2009) (denying defendant's motion for summary judgment because violation of FMCSRs presented material issue of fact on issue of punitive damages). In the matter *sub judice*, Defendants are alleged to have violated Federal Motor Carrier Safety Regulation 395 "dealing with hours of service" and Regulation 383 "dealing with required knowledge and skill" without regard to the safety of other motorists. (Doc.

4

5, ¶ 54(p), (w)). These allegations are sufficient to support a claim for punitive damages. *See*, *e.g.*, *Maruska v. Bowman*, No, 17-2211 (M.D. Pa. June 17, 2019), ECF No. 17.

### IV. Conclusion

For the above stated reasons, the motion to dismiss will be denied.

An appropriate order follows.

September 3, 2019  /s/ A. Richard Caputo
Date  A. Richard Caputo
  United States District Judge