## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JONATHAN SHELTON, et al., | |
| Plaintiffs, | CIVIL ACTION NO. 3:19-CV-00843 |
| v. | |
| ABDIRIZAK GURE, et al., | (MEHALCHICK, M.J.) |
| Defendants. | |

## MEMORANDUM

Before the Court in this trucking accident case is a partial motion for summary judgment filed by the Defendants: Abdirizak Gure ("Gure"); YaYa Transport, LLC ("YaYa"); and Young Stars Transport, Inc. ("Young Stars"). (Doc. 35). Defendants move to dismiss Plaintiffs' claims for punitive damages arising from allegations of recklessness and gross negligence. (Doc. 35).

### I.   BACKGROUND AND PROCEDURAL HISTORY

The following background is taken from Defendants' Concise Statement of Material Facts. (Doc. 35, at 6-9). All citations to statements of material fact refer to the paragraphs within pages six through nine of Document 35, which also contains the Motion itself. The Court will note where a fact is in dispute. Pursuant to Local Rule 56.1, a statement of material fact that is "disputed" shall be deemed admitted if it includes a reference to the part of the record that supports the statement and the disputing party neglects to provide record support for its position.[1] M.D. Pa. LR 56.1.

---

[1] Plaintiff Shelton includes no references to the record in his reply to Defendants' statement of material facts. (Doc. 38). Therefore, all of Defendants' statements of material

This matter involves a motor vehicle accident that occurred on May 18, 2017, on Interstate 80 eastbound, near mile marker 146 and the Snow Shoe Rest Area in Centre County, Snow Shoe Township, Pennsylvania. (Doc. 35, ¶ 1; Doc. 40-1, ¶ 1). At the time of the accident, Defendant Gure was operating a tractor trailer on I-80 eastbound in the right lane. (Doc. 35, ¶ 2; Doc. 40-1, ¶ 2). The trailer driven by Gure was owned by Young Stars and was on lease to YaYa. (Doc. 35, ¶ 2; Doc. 40-1, ¶ 2). Gure was employed by YaYa at the time of the collision and was operating under YaYa's DOT 2627559. (Doc. 35, ¶ 2; Doc. 40-1, ¶ 2). The parties dispute whether or not the vehicle's lights were on at the time of the collision. (Doc. 35, ¶ 2; Doc. 40-1, ¶ 2).

As Gure was proceeding, his trailer was struck from behind by a tractor-trailer owned by Plaintiffs R&L and Truck Leasing. (Doc. 35, ¶ 3; Doc. 40-1, ¶ 3). This tractor-trailer was operated by Plaintiff Shelton within the course and scope of his employment with R&L. (Doc. 35, ¶ 3; Doc. 40-1, ¶ 3). Shelton was operating his vehicle in the left lane and as he moved into the right lane behind Gure's vehicle, he "glanced down for about two seconds, looked back up," and Mr. Gure's vehicle was right in front of him. (Doc. 35, ¶ 4; Doc. 35-3, at 3-4). Shelton was unable "to slow down fast enough," and hit the corner of Gure's trailer.[2] (Doc. 35, ¶ 4; Doc. 35-3, at 4). Shelton's vehicle continued across the road and ended up in a ditch on the left side of the highway. (Doc. 35, ¶ 5; Doc. 40-1, ¶ 5).

---

facts which include references to the record shall be admitted as to Plaintiff Shelton. *See* M.D. Pa. LR 56.1.

[2] Plaintiffs R&L Transfer and Truck Leasing dispute this account of the accident but fail to provide record support for their position. (Doc. 40-1, ¶ 4). Since Defendants provide support from the record, these facts are deemed admitted. *See* M.D. Pa. LR 56.1.

Shelton filed his First Amended Complaint in the United States District Court for the Middle District of Pennsylvania on May 20, 2019. (Doc. 35, ¶ 6; Doc. 35-1, at 34; Doc. 40-1, ¶ 6). Shelton claims that Gure's lights were not on, therefore Shelton had to swerve into the left lane before striking Gure's vehicle in the rear. (Doc. 35, ¶ 7; Doc. 35-1, ¶¶ 35-39; Doc. 40-1, ¶ 7). Shelton alleges that Defendants' conduct was reckless because they "act[ed] with a conscious disregard for the rights and safety of Plaintiff," and seeks punitive damages. (Doc. 35, ¶ 7; Doc. 35-1, ¶¶ 40, 51(aa), 54(aa), 59(gg), 62(aa), 67(gg)); Doc. 40-1, ¶ 7). Similarly, R&L and Truck Leasing allege in their separate complaint against Defendants that their property damages were the result of "negligence, carelessness, gross negligence … and recklessness of Defendants …'" (Doc. 35, ¶ 8; Doc. 35-2, ¶ 20; Doc. 40-1, ¶ 8). R&L and Truck Leasing aver that as a "direct and proximate result of Defendants' negligence, carelessness, gross negligence, and recklessness, R&L sustained severe and extensive damages." (Doc. 35, ¶ 9; Doc. 35-2, ¶ 21; Doc. 40-1, ¶ 9). By pleading recklessness and gross negligence, R&L and Truck Leasing left open a claim for punitive damages. (Doc. 35, ¶ 9; Doc. 40-1, ¶ 9).

On the day of the accident, Gure performed a pre-trip inspection of the vehicle, which indicated that the lights on the trailer were operating properly. (Doc. 35, ¶ 10; Doc. 35-4, at 3-4). Plaintiffs R&L and Truck Leasing submit that "third party witness testimony, and testimony from Pennsylvania State Trooper Nicklas state the lights of Gure's vehicle were not illuminated [during and immediately after the collision]." (Doc. 40-1, ¶ 10; Doc. 40-5, at 8; Doc. 40-7, at 18). Dennis Anderson, a witness to the accident, testified that after the accident occurred, Gure's four-way flashers were on and functioning. (Doc. 35, ¶ 11; Doc. 35-5, at 3-4). Plaintiffs R&L and Truck Leasing add that Anderson's testimony is that

- 3 -

the lights of Defendants' truck were not illuminated at the time of the collision. (Doc. 40-1, ¶ 11; Doc. 40-5, at 8).

As the motions have been fully briefed, they are now ripe for review. (Doc. 36; Doc. 39; Doc. 40).

II. **STANDARD OF REVIEW**

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is "genuine" if the evidence "is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. In deciding a summary judgment motion, all inferences "should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Pastore v. Bell Tel. Co. of Pa.*, 24 F.3d 508, 512 (3d Cir. 1994).

A federal court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Farrell v. Planters Lifesavers Co.,* 206 F.3d 271, 278 (3d Cir. 2000). The Court need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). In deciding a motion for summary judgment, the court's function is not to make credibility determinations, weigh evidence, or draw inferences from the facts. *Anderson*, 477 U.S. at 249.

Rather, the court must simply "determine whether there is a genuine issue for trial." *Anderson,* 477 U.S. at 249.

"Although the party opposing summary judgment is entitled to the 'benefit of all factual inferences in the court's consideration of a motion for summary judgment, the nonmoving party must point to some evidence in the record that creates a genuine issue of material fact.'"[3] *Velentzas v. U.S.,* No. 4: CV-07-1255, 2010 WL 3896192, *7 (M.D. Pa. August 31, 2010) (quoting *Goode v. Nash,* 241 F. App'x 868, 868 (3d Cir. 2007)) (citation omitted). The opposing party "cannot rest solely on assertions made in the pleadings, legal memorandum, or oral argument." *Goode,* 241 F. App'x at 868 (internal quotation marks omitted). If the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to [the non-movant's] case, and on which [the non-movant] will bear the burden of proof at trial," Rule 56 mandates the entry of summary judgment because such a failure "necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23 (1986).

## III.   DISCUSSION

In this motion, Defendants assert that they are entitled to summary judgment on Plaintiffs' claim for punitive damages. (Doc. 36, at 2). They submit that Plaintiffs have failed to present evidence that Defendants "had an evil motive or a reckless indifference to the rights of others," which is required to sustain such a claim. (Doc. 36, at 2). Plaintiff Shelton responds that he "has produced evidence sufficient to establish that Defendants exhibited a reckless

---

[3] *See also Beenick v. LeFebvre,* 684 F. App'x 200, 206 (3d Cir. 2017) (stating the purpose of requiring parties to cite to particular parts of the record in their briefs about a motion for summary judgment is to "assist the court in locating materials buried in a voluminous record") (quoting Fed. R. Civ. P. 56(c)(1)(A)).

indifference to health and safety of the motoring public, including Plaintiff." (Doc. 39, at 3). Plaintiffs R&L Transfer and Truck Leasing aver that a tractor trailer operating without its lights illuminated could be considered reckless or grossly negligent, so a jury should be presented the chance to award punitive damages. (Doc. 40, at 2-3). After discussing the punitive damages standard, the Court will address the claims as to Defendant Gure, followed by the claims as to Defendants YaYa and Young Stars.

### A. APPLICABILITY OF PUNITIVE DAMAGES

Defendants assert that punitive damages should be precluded from this action because the record lacks evidence that Defendants' conduct was intentional, malicious, or recklessly indifferent. (Doc. 36, at 10). Even if the lights on Gure's trailer were off at the time of the collision, which Defendants assume for purposes of this motion, the Plaintiffs fail to establish that Gure's state of mind was such that punitive damages could be awarded. (Doc. 36, at 10). The act itself is not enough, rather "evidence of subjective appreciation of risk as well as conscious disregard" is needed, according to Defendants. (Doc. 36, at 10).

First, as this Court sits in diversity jurisdiction, it must apply Pennsylvania substantive law, including the law regarding punitive damages. *See Good v. Firstenergy Corp.*, 2015 WL 6703321, at *10 n.10 (M.D. Pa. 2015). The standard for awarding punitive damages is this:

> The standard governing the award of punitive damages in Pennsylvania is settled. "Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." *Feld v. Merriam*, 485 A.2d 742, 747 (1984) (quoting Restatement (Second) of Torts § 908(2) (1979)); *see also Chambers v. Montgomery*, 192 A.2d 355, 358 (1963). As the name suggests, punitive damages are penal in nature and are proper only in cases where the defendant's actions are as outrageous as to demonstrate willful, wonton or reckless conduct. *See SHV Coal, Inc. v. Continental Grain Co.*, 587 A.2d 702, 704 (1991); *Feld*, 485 A.2d at 747-48; *Chambers*, 192 A.2d at 358. *See also* Restatement (Second) of Torts § 908, comment b. The purpose of punitive damages is to punish a tortfeasor for

outrageous conduct and to deter him or others like him from similar conduct. *Kirkbride v. Lisbon Contractors, Inc.*, 555 A.2d 800, 803 (1989); Restatement (Second) of Torts § 908(1) ("Punitive damages are damages, other than compensatory or nominal damages, awarded against a person to punish him for his outrageous conduct and to deter him and others like him from similar conduct in the future."). Additionally, this Court has stressed that, when assessing the propriety of the imposition of punitive damages, "[t]he state of mind of the actor is vital. The act, or the failure to act, must be intentional, reckless or malicious." *See Field*, 485 A.2d at 748; *see also Martin v. Johns-Manville Corp.*, 494 A.2d 1088, 1097 n.12 (1985) (plurality opinion).

*Gfoehrer v. Calice*, 2011 WL 5320712, at *2 (M.D. Pa. 2011).

The standard for culpability resulting in punitive damages for recklessness is higher than mere negligence, though the underlying facts forming a basis for both theories may be one and the same. *See Hutchison ex rel. Hutchison v. Luddy*, 870 A.2d 766, 772 (Pa. 2005).

### 1. Defendant Abdirizak Gure

Defendants submit that because the record is devoid of evidence of Gure's state of mind leading up to the collision, punitive damages are precluded. (Doc. 36, at 10). The "tortious event," alone, is insufficient. (Doc. 36, at 10). Defendants state that there is nothing to suggest Gure's behavior was intentional or malicious, nor that Gure had notice that the lights on his trailer were not illuminated. (Doc. 36, at 10-11). Additionally, Defendants contend that reckless indifference cannot be established because "Plaintiffs have failed to show that [Gure] had a conscious appreciation of driving without the trailer's lights turned on and having another vehicle strike his vehicle." (Doc. 36, at 13). Plaintiffs respond that Gure's actions, alone, may evince a reckless disregard for the plaintiff's safety and that the jury should be responsible for determining Gure's state of mind and subjective awareness at the time of the collision. (Doc. 40, at 9, 11-12).

Though intentional or malicious conduct can support a claim for punitive damages, Plaintiffs in this case proceed on a theory of gross negligence and recklessness. (Doc. 35, ¶ 9; Doc. 40-1, ¶ 9; Doc. 39, at 8-15; Doc. 40, at 7-17). For punitive damages to arise from recklessness, evidence must be sufficient to establish that "(1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk." *Hutchison*, 870 A.2d at 770. Direct evidence is not required to establish recklessness; if a jury could conclude from the evidence that a defendant "consciously appreciated the risk of harm" arising from his conduct and acted in conscious disregard of that risk, then summary judgment is not warranted. *Burke v. TransAm Trucking, Inc.*, 605 F. Supp. 2d 647, 655 (M.D. Pa. 2009). Finally,

> a court should be reluctant to grant a motion for summary judgment when resolution of the dispositive issue requires a determination of state of mind, for in such cases 'much depends upon the credibility of witnesses testifying as to their own states of mind, and assessing credibility is a delicate matter best left to the fact finder.'
>
> *Metzger v. Osbeck*, 841 F.2d 518, 521 (3d Cir. 1988) (citing *Watts v. Univ. of Delaware*, 622 F.2d 47, 52 (3d Cir. 1980).

Subjective appreciation of the risk of harm may be implied through evidence such as the defendant's experience or training. *See Burke*, 605 F. Supp. 2d at 655. The record here contains sufficient evidence for a jury to find that Gure had a subjective appreciation of the risk of harm to which the Plaintiffs were exposed. *See Hutchison*, 870 A.2d at 770. In his deposition, Gure testified that he attended trucking school for four weeks in 2012. (Doc. 39, at 31-32). This included "driving, backing, classroom work, safety, rules and regulations." (Doc. 39, at 41). Safety was covered – including "how to drive and operate the right way." (Doc. 39, at 42). Additionally, Gure went through a month-long training on the road before

getting a job. (Doc. 39, at 32-33). Gure began working as a truck driver in 2012, so had been driving trucks for approximately five years at the time of the collision. (Doc. 39, at 34). This training and experience are sufficient to allow a finder of fact to conclude that Gure consciously appreciated the risk of harm which would arise from him driving 25 miles per hour below the speed limit, before sunrise, without any lights on.[4] (Doc. 5, at 7-9); *see Burke*, 605 F. Supp. 2d at 6 (holding that "based on [the driver's] experience and training, a jury could find that he consciously appreciated the risk of harm that could result by traveling twenty miles an hour over the speed limit in a tractor trailer while approaching a 'blind' curve.").

For recklessness to occur, the evidence must also be sufficient to allow a jury to find that Gure acted in conscious disregard of the risk of harm. *See Hutchison*, 870 A.2d at 770. Conscious disregard of a risk of harm may be proved by circumstantial evidence. *Livingston v. Greyhound Lines Inc.*, 208 A.3d 1122, 1130 (Pa. Super. 2019); *see Moss v. Aaron's, Inc.*, 140 F. Supp. 3d 441, 449 (E.D. Pa.) (holding that a reasonable jury could make a finding of conscious disregard of a risk of harm based on rent-to-own store employees' timing of an evening visit to a consumer's house and their conduct during the visit). The defendant's conduct, not the end result, must be examined. *Feld v. Merriam*, 485 A.2d 742, 748 (Pa. 1984).

In *Burke*, this Court denied summary judgment on punitive damages when evidence existed that a truck driver was driving fifty-five miles per hour in a thirty-five mile per hour

---

[4] Plaintiffs also argue that Gure testified to an awareness of the Federal Motor Carrier Safety Regulations, however there is no indication that these regulations include a restriction on the conduct of which Gure is accused. (Doc. 39, at 9-10). Additionally, Gure testified that at the time of the deposition he was aware of a regulation or rule requiring "four-ways" to be on when travelling 45 miles per hour, however there is no record evidence that he was aware of such regulation or rule at the time of the collision. (Doc. 39, at 71).

zone around a curve. *Burke*, 605 F. Supp. 2d at 655. According to the Court, a reasonable jury could conclude that, based on the driver's speed, the driver consciously disregarded or was indifferent to the risk of harm. *Burke*, 605 F. Supp. 2d at 655. Similarly, in *Guerra v. New Prime,* 2012 WL 2979064 (W.D. Pa. 2012), there was record evidence that a tractor trailer driver was driving a vehicle "he knew would take longer to bring to a stop, saw emergency lights from an accident up ahead, and continued to travel at an excessive speed, ultimately colliding with Plaintiff's vehicle." *Guerra*, 2012 WL 2979064, at *4. The court denied summary judgment on the issue of punitive damages, explaining that the driver's "subjective knowledge of upcoming road conditions, combined with travelling at an excessive speed, satisfies the requirements for the imposition of punitive damages." *Guerra*, 2012 WL 2979064, at *4.

Viewing the circumstances of this case in the light most favorable to the Plaintiffs (the non-movants), the record contains sufficient evidence to allow for a finding that Gure acted in conscious disregard of the risk of harm arising from his conduct. The rate of speed one drives is monitored on a car's dashboard, thus the driver is easily capable of awareness of how fast he or she is traveling. In *Guerra* and in *Burke*, the truck drivers could be held liable for conscious disregard of the risk solely due to the speed they were traveling. *Guerra*, 2012 WL 2979064, at *4; *Burke*, 605 F. Supp. 2d at 655. The presence of illuminated lights on the exterior of a vehicle, too, is indicated at the driver's controls. Like the drivers' access to their awareness of speed in *Guerra* and *Burke*, Gure had available access to the status of his vehicle's exterior lights. *See Guerra*, 2012 WL 2979064, at *4; *Burke*, 605 F. Supp. 2d at 655. If all

exterior lights were off, as admitted for purposes of this motion, a reasonable jury could find that Gure acted in conscious disregard of the risk of not turning them on.[5]

Given the Third Circuit's instruction that state of mind determinations should be left to the jury, the circumstances of this collision allow for a conclusion that Gure was reckless in his conduct.[6] For the foregoing reasons, the Court shall **DENY** Defendants' Motion for Partial Summary Judgment as to Defendant Gure.

### 2.   Defendants YaYa Transport, LLC and Young Stars Transport, Inc.

As to YaYa's and Young Stars' liability for actions independent from Defendant Gure's, these Defendants move for summary judgment on grounds that "Plaintiffs have failed to prove that [YaYa and Young Stars] were aware of any defects in regards to the trailer at issue." (Doc. 36, at 17). It is undisputed that when Gure performed a pre-trip inspection of the tractor trailer, it indicated that the lights on the trailer were properly functioning. (Doc. 35, ¶ 10; Doc. 35-4, at 3-4; Doc. 38; Doc. 40-1, at 10).[7] Additionally, it is undisputed that a

---

[5] The record contains evidence that the exterior lights on Gure's vehicle were capable of illumination. Gure testified in deposition that he performed a pre-trip inspection of the vehicle, which indicated that the lights on the trailer were operating properly. (Doc. 35, ¶ 10; Doc. 35-4, at 3-4). Additionally, Dennis Anderson, a witness to the accident, testified that after the accident occurred, Gure's four-way flashers were on and functioning. (Doc. 35, ¶ 11; Doc. 35-5, at 3-4).

[6] Defendants rely on *Burke v. Maassen*, 904 F.2d 178 (3d Cir. 1990) in contending that there must be evidence of record showing that Gure "consciously appreciate[d] the risk of his actions prior to the accident." (Doc. 36, at 13). However, this case was decided prior to *Hutchison*, in which the Pennsylvania Supreme Court "[gave] the definitive word" on this issue. *Burke*, 605 F. Supp. 2d at 651 n.2. Subsequent state cases have made clear that the defendant's state of mind can be proven by circumstantial evidence. *See Livingston*, 208 A.3d at 1130; *Joseph v. The Scranton Times, L.P.*, 129 A.3d 404, 437 (Pa. 2015) (a defendant's state of mind and subjective awareness may be proven by circumstantial evidence).

[7] The Court reiterates that Plaintiff Shelton includes no references to the record in support of his reply to the statements of material fact. (Doc. 38). Therefore, all of Defendants' statements of material fact which include references to the record are admitted as to Plaintiff

witness to the collision testified to Gure's four-way flashers functioning following the collision. (Doc. 35, ¶ 11; Doc. 35-5, at 3-4; Doc. 40-1, ¶ 11; Doc. 40-5, at 8). Plaintiffs do not identify record evidence that Gure's lights were defective at the time of the accident. As such, Defendants YaYa and Young Stars shall be **GRANTED** partial summary judgment on any claim arising from defective lights in Gure's trailer at issue.[8]

IV.   **CONCLUSION**

For the reasons set forth herein, Defendants' Motion for Partial Summary Judgment shall be **GRANTED IN PART** and **DENIED IN PART**. (Doc. 35). The motion shall be **GRANTED** as to all claims against Defendants YaYa and Young Stars arising from alleged defective lights in the trailer at issue. (Doc. 35, at 17).  The motion shall be **DENIED** on all other grounds. (Doc. 35).

An appropriate order follows.

Dated: December 2, 2020

_s/ Karoline Mehalchick_
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**

---

Shelton. *See* M.D. Pa. LR 56.1. Additionally, though Plaintiffs R&L Transfer and Truck leasing "dispute" this fact, they do not identify record evidence addressing Gure's pre-trip inspection of the tractor trailer. (Doc. 40-1, ¶ 10; Doc. 40-5, at 8; Doc. 40-7, at 18).

[8] The Court notes that Defendants do not contest the applicability of vicarious liability, nor Plaintiff Shelton's claims of negligent hiring, supervision, retention, and entrustment. (Doc. 36); (*see* Doc. 5; Doc. 35-2).